UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL SHIP
REPAIR AND MARINE
SERVICES, INC.,

     Plaintiff,

v.                                                          Case No.  8:25-CV-1631-KKM-AAS

HERALD ADONAI
(Formerly B 215),

     Defendant.
_____/

## ORDER

Plaintiff International Ship Repair and Marine Services, Inc. (ISR), moves the court for leave to credit bid all or part of the monetary damages requested in its complaint at the United States Marshal Service's interlocutory sale of the Herald Adonai (Vessel) in lieu of cash, certified check, or cashier's check. (Doc. 37). The Vessel did not respond to ISR's motion, and the time for doing so has expired. *See* Local Rule 3.01(d), M.D. Fla. ("A party may respond to a motion within fourteen days after service of the motion. . . If a party fails to timely respond, the motion is subject to treatment as unopposed.").

1

## I.    BACKGROUND

ISR and Herald Marine & Energy, Ltd. (Herald Marine), the owner of the Vessel, entered into an agreement whereby ISR would provide a berth for the Vessel. (Doc. 1-1). On June 23, 2025, ISR filed its complaint asserting a claim in rem against the Vessel arising from unpaid dockage fees. (Doc. 1). The court entered an Order granting ISR's Motion to Serve as Substitute Custodian for the Vessel. (Doc. 10). ISR formally assumed that role when the U.S. Marshal arrested the Vessel on July 1, 2025, and handed custody over to ISR. (Doc. 2-2). Since that time, the Vessel had accrued *custodia legis* costs. On May 1, 2026, this court issued an order for the interlocutory sale of the Vessel. (Doc. 36).

## II.    ANALYSIS

The Admiralty and Maritime Practice Manual, Rule 5(r), regarding the sale of a vessel through a Marshal's sale, states:

> Payment of the Purchase Price. Unless otherwise provided in the order of sale, the person whose bid is accepted must pay the Marshal the purchase price in the manner provided below:
>
> (A) If the Bid is Not More Than $500.00. The successful bidder must immediately pay the full purchase price.
>
> (B) If the Bid is More Than $500.00. The successful bidder must immediately deposit with the Marshal $500.00, or 10% of the bid, whichever sum is greater. The bidder must pay

> the remaining purchase price within three days. If an objection to the sale is filed within the time permitted by Section 5(r)(7), the bidder is excused from paying the remaining purchase price until three days after confirmation of the sale.

> (2) Method of Payment. Unless otherwise ordered, payments to the Marshal must be made in cash, certified check, or cashier's check.

The Local Admiralty Rules provide for alternative methods of sale, such as a credit bid. Indeed, courts have allowed plaintiffs to credit bid where, as here, the property at issue was sold at an interlocutory sale. *See Prometheus Mar. Invs., LLC v. S/Y Dreamer*, No. 8:25-CV-941-MSS-CPT, 2026 WL 146950, at *2 (M.D. Fla. Jan. 20, 2026)*; TransMontaigne Prod. Servs., Inc. v. M/V WILBUR R. CLARK*, 679 F. Supp. 2d 1308, 1313 (S.D. Ala. 2009).

ISR asserts that it is owed more than $1.6 million, and that the Vessel's value is likely less than this amount. ISR is unaware of any claims superior to its own. ISR submits to the jurisdiction of this court and asserts that, if the highest bidder, it would be able to post a bond or otherwise pay the sale amount and any other amounts required by the court following the sale. (Doc. 37, p. 4).

## III.   CONCLUSION

Accordingly, ISR's motion for authority to credit bid at the interlocutory sale (Doc. 37) is **GRANTED**. ISR may bid all or part of its preferred mortgage lien at the judicial sale of the Herald Adonai, post a bond or deliver a certified

check, or cashier's check in the amount of its bid within 10 days of the sale.

**ENTERED** in Tampa, Florida, on June 1, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge